IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carole Lindquist, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 2:11-3181 |
| ) | |
| Ray Tanner, Charleston County Parks ) | |
| and Recreation Commission, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter comes before the Court on Defendants' partial motions to dismiss. (Dkt. Nos. 7, 10). Plaintiff has filed responses to these motions and Defendants have filed replies. (Dkt. Nos. 21, 22, 29, 30). This matter was referred to the Magistrate Judge for pre-trial handling pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C. The Magistrate Judge issued a Report and Recommendation on April 12, 2012 recommending that the motions be granted in part and denied in part. (Dkt. No. 31).[1] Specifically, the Magistrate Judge recommended that the Defendants' motions to dismiss First and Second Causes of Action be granted and the motions to dismiss the Fifth Cause of Action be denied. No party filed objections regarding the Magistrate Judge's recommended disposition of the First and Fifth Causes of Action, and Plaintiff filed an objection regarding the recommendation that the Second Cause of Action, alleging a breach of contract, be dismissed. (Dkt. No. 32). Having fully reviewed the Complaint, the various memoranda of law filed by the parties and the applicable case law, the Court grants Defendants'

---

[1] This case was reassigned to the undersigned on August 24, 2012. (Dkt. No. 42).

-1-

motion to dismiss the First Cause of Action and denies Defendants' motions to dismiss the Second and Fifth Causes of Action.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citations omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## Factual Background

Plaintiff, a former employee of the Charleston County Parks and Recreation Commission ("Commission"), alleges in her complaint that she was subjected to sexually explicit language, unwanted touching and grabbing, kissing and other inappropriate conduct by a managerial employee of the Commission, Defendant Tanner. (Dkt. No. 6, ¶¶ 39, 40). Plaintiff further alleges that she reported such conduct to her superiors, pursuant to the policies of the Defendant Commission, and no corrective action was taken. (*Id.* ¶¶ 45-48). Plaintiff alleges that she thereafter filed a formal complaint with the Defendant Commission's Human Resource Department and with the United States Equal Employment Opportunity Commission. (*Id.* ¶¶ 50, 61). Plaintiff alleges that her hours were thereafter reduced, her assignments were made more demanding and her employment was ultimately terminated, all in retaliation for her filing formal complaints regarding the sexually hostile work environment. (*Id.* ¶¶ 57, 60-70, 73, 108-112).

Defendants subsequently moved to dismiss the First Cause of Action, alleging intentional infliction of emotional distress, the Second Cause of Action, alleging breach of contract, and Fifth Cause of Action, alleging defamation. (Dkt. No. 7, 10). No motion to dismiss was filed regarding the Third Cause of Action, alleging a violation of Title VII for the creation of a

sexually hostile work environment, the Fourth Cause of Action, alleging retaliatory discharge, and the Sixth Cause of Action, alleging civil assault and battery. The Magistrate Judge recommended that the Defendants' motion to dismiss the First Cause of Action be granted and the motion to dismiss the Fifth Cause of Action be denied. (Dkt. No. 31 at 7-10, 14-17). No party filed an objection to the Magistrate Judge's recommendations as to the First and Fifth Causes of Action. The Court has reviewed those portions of the Magistrate Judge's Report and Recommendation relating to the First and Fifth Causes of Action, finds that they accurately and appropriately address the legal and factual issues, and adopts those portions of the Magistrate Judge's Report and Recommendation as the Order of the Court.

The Defendant Commission has further moved to dismiss Plaintiff's Second Cause of Action alleging a breach of contract. The Magistrate Judge recommended that the motion be granted and the Plaintiff has timely filed objections to that recommendation. As further set forth below, the Court denies the motion to dismiss the Second Cause of Action.

## Discussion

Plaintiff's Second Cause of Action alleges that the sexually hostile work environment to which she was subjected and her termination constituted a violation of the Commission's handbook, policies, and procedures, which she alleges was part of her employment contract. (Dkt. No. 6 ¶¶ 33, 83-89). The Defendant Commission argues that Plaintiff was an employee at will and cannot state a cause of action for breach of contract even based upon the allegedly abusive and illegal conduct of Defendants. A review of the relevant case law does not support such a legal proposition.

It is well settled that, under certain circumstances, an employee's employment at will

relationship with her employer can be modified by an employee handbook or by the written policies of the employer. *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 697-99 (S.C. 2005). For an employment policy to be enforceable in contract, it must be "definitive in nature, promising specific treatment in specific situations." *Id.* at 698. Further, the South Carolina Supreme Court has explicitly recognized that the employment at will doctrine is "subject to certain prohibitions against illegal discrimination . . ." *Conner v. City of Forest Acres*, 611 S.E.2d 905, 910 (S.C. 2005). This can include an employer's sexual harassment policy. *See Hessenthaler*, 616 S.E.2d at 699; *Bookman v. Shakespeare Co.*, 442 S.E.2d 183, 148-49 (S.C. Ct. App.1994).

At this stage of the litigation, the Court must assume all facts alleged by Plaintiff to be true and view all facts in a light most favorable to the Plaintiff. Plaintiff alleges that the Defendant Commission's policies and procedures were part of her employment contract, and that the alleged sexually hostile work environment and retaliatory discharge contravened those contractual rights. (Dkt. No. 6 ¶¶33, 45, 83, 85). The Court finds that the complaint has "facial plausibility" and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," making disposition by a motion to dismiss inappropriate. *Ashcroft*, 556 U.S. at 678.[2]

---

[2] An employer has a variety of potential defenses available that can be addressed at the summary judgment stage, which can include whether the employer's policies are sufficiently definitive and specific to give rise to a contractual right for the employee. The Court simply finds that, at this stage, the complaint makes sufficient allegations to survive a motion to dismiss the breach of contract claim.

## Conclusion

Defendants' motions are granted in part and denied in part. The Court **GRANTS** Defendants' motion to dismiss the First Cause of Action and **DENIES** the motions to dismiss the Second and Fifth Causes of Action.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

September 4, 2012
Charleston, South Carolina